**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:06cr100-02

KENDRA LATIFA WILLIAMS,

       Defendant.

<u>ORDER</u>

    In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a hearing on July 18, 2006, on the United States Government's motion to detain Defendant.  The Court FINDS that the following facts mandate Defendant's detention pending her trial.

    On July 13, 2006, a federal grand jury issued an indictment charging Defendant with six (6) criminal counts, including conspiracy to distribute and possess with the intent to distribute cocaine and heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); possession of firearms and ammunition by a person previously convicted of a felony crime, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2); and using or maintaining a drug involved premises, in violation of 21 U.S.C. § 856(a)(1).  Defendant having been

indicted, a statutorily-rebuttable presumption in favor of detention applies in this case because one or more of the charged offenses involves a firearm charge described under 18 U.S.C. § 924(c).  See 18 U.S.C. § 3142(e).

Both the Government and Defendant, by counsel, proceeded by proffer of evidence and each offered argument.  The Court, having taken into consideration the proffers of counsel, the Pretrial Services Report, the grand jury indictment of July 13, 2006, and the statutory presumption in favor of detention,[1] FINDS by clear and convincing evidence that Defendant is a danger to the community.  The Court further FINDS that there is no condition or combination of conditions that will reasonably assure the safety of the community.

The Court considered the nature and seriousness of the charges faced by Defendant.  The allegations of Defendant's misconduct suggest the knowledge of an ongoing criminal enterprise that involves the presence of multiple firearms as well as significant quantities of narcotics and related appurtenances, which the Court deems serious.  If convicted on evidence beyond a reasonable doubt at trial, Defendant faces significant penalties and fines on the

---

[1] The Court notes that Defendant did proffer at least some evidence to rebut the statutory presumption in favor of detention, but that presumption still remains a factor to be considered by the Court in evaluating whether Defendant should be detained.  See United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991) (holding that "rebutted presumption retains evidentiary weight").

various charges, including as much as seventy-five (75) years imprisonment and a fine of more than two (2) million dollars on the various charges.

The weight of the evidence against Defendant is strong. The Government has proffered that a large quantity of narcotics and multiple firearms were located upon the execution of a search warrant at the residence that Defendant shared with her husband and co-conspirator, Donnelly Parris Williams. At that time, Defendant was also found with $1,800 in cash in her purse, and the residence also had various video and audio surveillance equipment, which suggested the intent or attempt to listen in on law enforcement communications. This evidence suggests that Defendant was at least knowledgeable of the criminal activities, even if not an active participant in the criminal enterprise, given the presence of such materials in her home and the large amount of cash in her purse.

The Court next considered the personal history and characteristics of Defendant. Defendant appears to be a lifelong resident of Hampton Roads, Virginia with significant ties to the local area, and she does not appear to be a risk of flight. Defendant does appear to be employed locally. The Court recognized the proposed third-party custodian who was willing to allow Defendant to be electronically monitored from her home. However, Defendant's criminal record is troubling to the Court, given that she has multiple criminal convictions and charges involving the

possession and sale of narcotics, including at least two (2) felony conviction for the same.  The Court is particularly concerned with the serial nature of Defendant's criminal activity, which reflect Defendant's complete disregard for following the law.  This behavior, taken in conjunction with the severity of the instant charges, leads the Court to conclude that Defendant would not likely abide by any terms and conditions that the Court might fashion to ensure the safety of the community.

In view of the facts as set forth above, the Court FINDS by clear and convincing evidence that Defendant represents a danger to the community.  The Court further FINDS that no condition or combination of conditions will reasonably assure the safety of the community.

The Court, therefore, ORDERS Defendant to be DETAINED pending his trial.  See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS Defendant committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall

be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for Defendant.

                                        /s/
                              F. Bradford Stillman
                              United States Magistrate Judge

Norfolk, Virginia

July 19, 2006