**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**UNITED STATES OF AMERICA**

**v.** **Criminal No. 2:06cr100**

**DONNELLY PARRIS WILLIAMS**

**and**

**KENDRA LATIFA WILLIAMS**

**Defendants.**

**OPINION & ORDER**

Presently before this Court are two motions filed by Defendant Donnelly Parris Williams ("Mr. Williams"): (1) a Motion for Extension of Time to File Pretrial Motions, and (2) a Motion to Suppress evidence discovered and seized during a search executed on his residence pursuant to a warrant issued on March 21, 2006. Mr. Williams' co-defendant and spouse, Defendant Kendra Latifa Williams ("Ms. Williams"), joins the latter motion to suppress. For the reasons that follow, the Motion for Extension of Time to File Pretrial Motions is **GRANTED**, and the Motion to Suppress is **DENIED**.

## I. FACTS AND PROCEDURAL BACKGROUND

### A. Facts

On March 21, 2006, Detective T. McAndrew of the Portsmouth Police Department Special

Investigations Unit received information from a confidential informant that, within the past 72 hours, Mr. Williams sold heroin from inside his residence at 48 Gillis Road in Portsmouth, Virginia. Following the receipt of this information, Detective McAndrew applied for and received a search warrant for 48 Gillis Road precisely at 5:44 p.m. on March 21, 2006. The Chief Magistrate of the Portsmouth Circuit Court issued the warrant, finding probable cause based on the facts provided in the following affidavit made by Detective McAndrew:

> The affiant had the occasion to speak with a Confidential and Reliable Informant who stated that within the past 72 hours it has been up to and inside of 48 Gillis Road, Portsmouth, Virginia. The C.I. stated that while inside the above residence it observed "Fat Donnie" who is described in part two of this affidavit in possession of and selling quantities of heroin. The C.I. stated that "Fat Donnie" drives a Green Mazda MPV van with chrome rims. This affiant showed the C.I. Several [sic] photographs one of which was of Donnelly Parrish Williams who is described in part two of this affidavit. The C.I. positively identified the photograph as being the same subject it knows as "Fat Donnie." This affiant conducted a criminal history check and it showed Donnelly Parrish Williams having 12 prior felony convictions. Donnelly P. Williams has been convicted of Malicious Wounding, Possession of Heroin three times and Carrying a Concealed Weapon two times in the past. This affiant and members of the Portsmouth Special Investigations Unit conducted surveillance at 48 Gillis Road where they observed a Green Mazda MPV van with chrome rims parked in front of this location. The Green Mazda MPV van had Virginia Tags Jvc-6882 that returned registered to Kendra Latifa Williams of 33 Manly Street, Portsmouth, Virginia.

Aff. Search Warrant ¶ 4.

Additionally, Detective McAndrew attested to his personal knowledge of the facts set out in the affidavit, as well as to the informer's credibility and reliability, stating as follows:

> The Informant providing this information is Confidential and Reliable. This Informant has provided information in the past that has been proven true and accurate either through this affiant or other members of the Portsmouth Police Department. This Informant has provided information in the past that has led to the arrest of illegal narcotics distributors and also the recovery of illegal narcotics. This informant has made a controlled purchase of narcotics

in the past at the direction of this affiant.

Aff. Search Warrant ¶ 5.

Upon their arrival and entry to the residence located at 48 Gillis Road, officers found an unsuspecting Ms. Williams speaking on the telephone. Officers subsequently informed her that the house was to be searched for drugs pursuant to a warrant.

The search yielded a plethora of suspected narcotics, paraphernalia, and firearms found within the house: 81 capsules of suspected heroin, 1 bag of suspected raw heroin, 3 bags of suspected powder cocaine, packaging materials for heroin, $1,824 U.S. currency, a police scanner, a Smith & Wesson .357 caliber revolver, a Smith & Wesson .38 caliber revolver, a WASP semi-automatic rifle, ammunition, a holster, a flak vest, and other various items implicated in the narcotics business.

Following the search, Detective G. B. Smith, who was designated as the evidence recovery officer, completed the “Search Inventory and Return” and “Execution” sections located on the back of the warrant. He there indicated that the time of execution was 6:00 p.m.—14 minutes after the Chief Magistrate issued the warrant.

At approximately 6:35 p.m., officers were still present when Mr. Williams arrived to the residence driving a truck owned by Robert Marable, who was seated in the passenger’s seat. From the truck, officers recovered a Smith & Wesson .40 caliber semi-automatic handgun and 11 rounds of ammunition. Additionally, the officers recovered from Mr. Williams’ person 56 capsules of suspected heroin, 4 bags of suspected raw heroin, 7 bags of suspected powder cocaine, 11 bags of suspected crack cocaine, and $310 U.S. currency.

**B. Procedural Background**

Defendants Donnelly and Kendra Williams were indicted by a grand jury on July 13, 2006, on six counts. Count One charges them with conspiracy to distribute and possess with the intent to distribute cocaine and heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(c). Count Two charges them with possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c). Count Three charges them with possession with the intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c). Count Four charges them with possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) and (2). Count Five charges them with possession of firearms and ammunition by a person previously convicted of a felony crime, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Count Six charges them with using or maintaining a drug involved premises, in violation of 21 U.S.C. § 856.

On July 27, 2006, Mr. Williams filed a Motion for Extension of Time to File Pre-Trial Motions.[1] Several weeks after the August 4 deadline to file pretrial motions, on September 8, 2006, Mr. Williams filed a Motion to Suppress, motivated predominantly by the holding in a recent, unpublished opinion by the United States Court of Appeals for the Fourth Circuit, United States v. Holt, No. 05-4691, 2006 U.S. App. LEXIS 22316 (4th Cir. Aug. 30, 2006) (per curiam).[2] On

---

[1] Additionally, Mr. Williams filed on this date a Motion for the Government to Identify Exculpatory Information and Produce Various Records Pursuant to the Federal Rules of Criminal Procedure 16(a)(1)(E). This motion, however, was resolved prior to the scheduled hearing, and subsequently withdrawn.

[2] Both Defendants had previously filed motions to suppress prior to the September 8 motion on grounds other than those based on Holt. Ms. Williams filed a Motion to Suppress on August 4, 2006. Mr. Williams filed a Motion to Suppress Evidence or to Exclude Supplemental Evidence on September 6, 2006. However, at the hearing, both motions were withdrawn,

September 11, 2006, Ms. Williams filed another motion in support of suppression relying upon, for the first time, the decision in Holt. Both motions were filed after the time for filing expired. A hearing on these motions occurred before this Court on September 12, 2006.

## II. ANALYSIS

### A. Motion for Extension of Time to File Pretrial Motions

On July 27, 2006, Defendant Donnelly Williams filed a Motion for Extension of Time to File Pre-Trial Motions. Mr. Williams argued that additional time would be necessary to support his contemporaneous motion to compel the Government to produce records, which, if granted, might have led to additional pretrial motions. The Government responded to this motion without objections on August 1, 2006. Having resolved and withdrawn his motion to compel production prior to the hearing, however, Mr. Williams now offers an additional basis to support his request for an extension of time.

On August 30, 2006, the Fourth Circuit handed down a decision regarding the rights of criminal defendants. In an unpublished, per curiam opinion, decided without oral arguments, the Fourth Circuit affirmed a district court's decision to grant a criminal defendant's motion to suppress because the affidavit on which the Magistrate's finding of probable cause was based lacked information corroborating alleged facts provided by a confidential informant. Holt, 2006 U.S. App. LEXIS 22316, at *1. Furthermore, the Fourth Circuit affirmed the district court's conclusion that the good faith exception to the warrant requirement, as articulated in Leon, did not save the fruits

---

leaving only the final motion to suppress filed by Mr. Williams on September 8, and joined by Ms. Williams on September 11, 2006.

of the search from suppression. Id. at *6; see United States v. Leon, 468 U.S. 897, 104 S. Ct. 3405 (1984). Although unpublished, this decision has caused a stir.

A superficial reading of the opinion might lead one to conclude that the Holt decision may transform the legal requirements to obtain a lawfully-issued search warrant. If the decision truly possesses the profound implications now urged by Defendants, it clearly could not have been predicted prior to August 30, 2006. Nor was it. Neither counsel for Defendants challenged the search warrant at issue on these grounds prior to the Holt decision. Clairvoyance apparently escapes them. Likewise, neither the Magistrate Judge, nor Detective McAndrew found the search warrant defective prior to this date. And alas, this Court's predictive powers are no different, and the Court saw no defect in the search warrant prior to the Holt decision. On September 8, well after the deadline for filing pretrial motions passed in this case, Mr. Williams filed what purports to be a "third" motion to suppress based on the Holt decision. On September 11, Ms. Williams filed a motion in support of this final motion to suppress on the basis of Holt. Both motions were made beyond the filing date requirements.

Insofar as this search warrant issued on March 21, 2006, is based upon an affidavit that in turn relies largely upon information obtained through a confidential informant, this case is not unlike Holt; but it is distinguishable. The facts now at issue are somewhat different, but one cannot say that Holt, while unpublished, has no precedential value in this case. The decision warrants due consideration here. Pursuant to Rule 12(e) of the Federal Rules of Criminal Procedure,[3] this Court

---

[3] Federal Rule of Criminal Procedure 12(e) provides as follows:

> A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from the waiver.

finds good cause to allow additional time during which the parties may file pretrial motions. Because Holt was decided on August 30, 2006, nearly four weeks after the initial deadline to file pretrial motions expired on August 4, Defendant's motion to extend the time to file pretrial motions is hereby **GRANTED**. This Court finds that counsel would not have based a motion on the law of Holt before knowing of such, and therefore allows the motions of the parties to be determined and filed..

### B. Motion to Suppress

Since the motion to extend time for filing motions is granted, the Court will now address Defendants' motion to suppress. On September 8, 2006, Defendant Donnelly Williams filed a Motion to Suppress evidence seized during the execution of a search of his residence in Portsmouth, Virginia. Defendant Kendra Williams joined this motion days later on September 11, 2006. In support of this motion, Defendants rely exclusively on the decision in Holt. In his motion and supporting memoranda, however, Mr. Williams conflates the two distinct and separate subjects authorized to be searched by the warrant. Without ambiguity, the warrant authorizes law enforcement officers to search "48 Gillis Road. A light blue two story dwelling with a detached garage located in the Craddock section of the city of Portsmouth, Virginia. *To include* a black male named Donelly Parrish Williams A.K.A. 'Fat Donnie' with a D.O.B. of 6/12/67...." Search Warrant at 1 (emphasis added). Thus, at issue is a warrant with two distinct subjects: (1) a two-story dwelling located at 48 Gillis Road, and (2) an individual named Donnelly Williams. The following analysis will first examine the unpublished opinion on which Defendants rely. It will thereafter

---

Fed. R. Crim. P. 12(e) (2006).

apply the reasoning to the instant motion to suppress as it pertains to each subject separately, and conclude with a brief analysis of the Leon good faith exception.

1. Understanding *United States v. Holt*

There is a great risk in overreading the significance of United States v. Holt. On the one hand, it may be read to represent a profound deviation from the historical standards necessary for a Magistrate Judge to find probable cause from an affidavit containing a confidential informant's allegations. On the other hand, the holding may be squared with the precedent of the Fourth Circuit. This Court now concludes that Holt fits the latter, less radical, description.

In Holt, the Fourth Circuit affirmed the district court's finding that the affidavit supporting the search warrant there at issue failed to establish a sufficient nexus between the defendant and the premises to be searched, and was insufficiently corroborated. As a consequence, that warrant lacked the requisite probable cause. Holt, 2006 U.S. App. LEXIS 22316, at *1. Relying on information gathered from a confidential informant ("C.I."), and submitted by police affidavit, the Magistrate Judge issued that warrant to search both an individual and the target premises with which the C.I. connected him. Beyond a description of the officer's relationship and prior use of the C.I., the affidavit stated only that the C.I. (1) had been *present*, and (2) had *observed* a black male, known as "Big Al," "possessing and selling marijuana from" the area within the last 48 hours. Id. at *2. As the Fourth Circuit noted, "[n]o additional testimony or information confirmed the reliability of the source or established a nexus between the premises to be searched and the alleged drug activity." Id. at *3.

In granting the defendant's motion to suppress, the appellate court set forth the five

deficiencies in the warrant's supporting affidavit as identified by the district court. First, there was no indication whether the defendant resided in or was present on the premises prior to the single occasion observed by the C.I. Second, there was no indication whether the defendant owned, paid rent, or was an invited guest to the premises searched. Third, there was no indication whether the defendant sold marijuana from inside or outside the house. Fourth, there was no indication whether the defendant possessed additional marijuana or would return with more at a later time. Finally, there was no information regarding the quantity sold on the occasion observed by the C.I. The district court summarized these deficiencies, stating, "In short, there is no information that links ongoing or future drug activity to this home, and thus there is no indication that a search of the home would yield any evidence of drug activity." Id. at *5.

The district court additionally rejected the Government's claim that any good faith exception saved the fruits of the search from suppression. "[A]ny officer who had experience and training should have known that [the] affidavit . . . provided no [indicia of probable] cause to believe contraband would be found at [the defendant's residence]." Id. at *6. The affidavit apparently fit within the third circumstance provided in Leon, which bars the application of the good faith exception where the affidavit on which the warrant is based is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Leon, 468 U.S. at 923 (footnote and internal quotations omitted). However, the district court noted that the affidavit might have been cured if officers had taken additional steps to substantiate the defendant's connection to the place to be searched. This could have been done, for example, by obtaining "a utility bill in his name or some information that his girlfriend owned the house." Holt, 2006 U.S. App. LEXIS 22316, at *7.

Defendants now rely upon the decision and similarity of fact pattern in Holt to support their argument that the warrant authorizing the search of their residence at 48 Gillis Road in Portsmouth, Virginia, is defective. As in Holt, Defendants argue, the officer seeking the warrant failed to state an independent basis connecting the C.I. to Defendants' residence, and additionally failed to introduce other reliable evidence that would justify the Magistrate's finding of probable cause.

On review, the probable cause determination made by the Magistrate issuing the warrant is accorded "great deference." United States v. Blackwood, 913 F.2d 139, 142 (4th Cir. 1990). A reviewing court is not to conduct a *de novo* determination of probable cause, but rather is to determine whether there is substantial evidence in the record to support the Magistrate's decision to issue the warrant. Massachusetts v. Upton, 466 U.S. 727, 728, 104 S. Ct. 2085, 2085 (1984).

"Probable cause" itself is a concept not easily defined, and certainly not capable of being reduced to a "neat set of legal rules." Illinois v. Gates, 462 U.S. 213, 232, 102 S. Ct. 2317, 2329 (1983). As the Fourth Circuit has previously stated, the probable cause standard does not:

> require officials to possess an airtight case before taking action. The pieces of an investigative puzzle will often fail to neatly fit, and officers must be given leeway to draw reasonable conclusions from confusing and contradictory information, free of the apprehension that every mistaken search or seizure will present a triable issue of probable cause.

Taylor v. Farmer, 13 F.3d 117, 121–22 (4th Cir. 1993). Consequently, probable cause may be established by any reliable source, including anonymous tips *that have been corroborated*, Gates, 462 U.S. at 241, as well as the target's *prior criminal record*. United States v. Bynum, 293 F.3d 192, 197–98 (4th Cir. 2002). An affidavit supporting a search warrant may be based on hearsay so long as there are sufficient indicia of reliability present. United States v. Chavez, 902 F.2d 259, 265 (4th Cir. 1990).

The holding in Holt, though uncommon, may be squared with the precedent binding this Court. The precise issue raised in that case, and now raised by Defendants Donnelly and Kendra Williams, is the extent to which information obtained through a C.I. establishes a nexus between criminal conduct, the items to be seized, and the placed to be searched. If Holt is to stand for anything, it is the proposition that probable cause cannot be supported by an affidavit based *exclusively* on a C.I.'s uncorroborated observation of the target possessing and selling illegal narcotics on a single occasion. Something more than mere presence and observation by the C.I. is necessary to confirm the reliability of the source or the nexus between the premises to be searched and the alleged illegal activity.

This proposition is not profound. Rather, the precedent controlling this Court complements the central principle of Holt: "An important factor in determining whether an informant's report establishes probable cause is the degree to which it is corroborated." United States v. Lalor, 996 F.2d 1578, 1581 (4th Cir. 1993); See also Gates, 462 U.S. at 241; United States v. Miller, 925 F.2d 695, 698 (4th Cir. 1991). Furthermore, an affidavit need not contain facts that the items to be seized will be located in the place to be searched: "The nexus between the place to be searched and the items to be seized may be established by the nature of the item and the normal inferences of where one would likely keep such evidence." United States v. Anderson, 851 F.2d 727, 729 (4th Cir. 1988). In other words, criminal record, corroboration, and common sense may all enter the calculus of determining probable cause. It is with this framework that this Court examines the sufficiency of the Magistrate Judge's finding of probable cause in this case.

2. Application to Search Warrant as to Donnelly Williams

Holt has no bearing on the search warrant as it relates to Defendant Donnelly Williams. Quite simply, Holt is about the sufficiency of the nexus between the *premises* to be searched and the alleged illegal activity. But as already noted, the premises were but one of two subjects authorized to be searched by the warrant issued on March 21, 2006. The other subject was Mr. Williams himself. The warrant, in no uncertain terms, was "to include a black male named Donnelly Parrish Williams." It is a subtle yet important error to conflate the two subjects, as Mr. Williams has done here.

Probable cause to search Mr. Williams is not called into question by Holt. Not only did the C.I. adequately describe Mr. Williams as the individual who possessed and sold heroin from inside the target premises, but officers obtained adequate corroboration in two ways. First, in response to the information offered by the C.I., officers investigated Mr. Williams' prior criminal record. The affidavit unambiguously describes a "criminal history check" showing Mr. Williams as having "12 prior felony convictions," including convictions for malicious wounding, possession of heroin on three occasions, and carrying a concealed weapon on two occasions. Aff. Search Warrant ¶ 4.[4] Probable cause may be supported by an inquiry into the target's criminal record. Bynum, 293 F.3d at 197–98. By contrast, the affidavit in Holt made no such inquiry into the target's criminal history.

Second, officers required the C.I. to support his allegations by positively identifying Mr. Williams upon being shown several photographs with no identifying information. The C.I. successfully did so. In the context of Holt, officers neither obtained, nor sought evidence to corroborate the C.I.'s identification of the target.

[4] Moreover, felony possession of controlled substances in Virginia generally is not distinguishable from distribution of the same.

In light of the foregoing, the Court hereby **DENIES** the motion to suppress evidence resulting from the search of Defendant Donnelly Williams.

3. Application to Search Warrant as to 48 Gillis Road

As to the search warrant for 48 Gillis Road in Portsmouth, Virginia, the question before this Court is whether the affidavit at issue in the instant case can be substantially distinguished from the affidavit at issue in Holt. If the affidavit reflects nothing more than mere presence and observation by a C.I., then it is insufficient to establish probable cause as a matter of law. Alternatively, if the affidavit is based on additional information or testimony that either confirms the reliability of the C.I. or establishes a nexus between the premises and the alleged conduct, then it is sufficient to establish probable cause. Because Detective McAndrew's affidavit better fits this latter description, Defendants' motion to suppress evidence seized at the target premises is hereby **DENIED**.

Defendants ask this Court to believe that the affidavit establishing probable cause in this case is in no material aspects different from the affidavit in Holt. Both rely largely upon a C.I.'s observations of the criminal target engaging in illegal conduct on a single occasion at a single location. As Mr. Williams' motion states, "This case is almost identical in the facts of U.S. v. Holt." Def.'s Third Mot. Supp.¶ 4. But upon more exacting scrutiny, that is simply not true. The affidavit on which the Magistrate relied in granting the instant search warrant for the target premises is distinguishable from the affidavit in Holt on two grounds: (1) corroboration, and (2) specificity.

In contrast to the Holt affidavit putting forth no evidence whatsoever to corroborate the C.I.'s allegations, the affidavit in this case identified not only Mr. Williams and the precise location within the residence as to where he was observed possessing and selling heroin, but also the target's

vehicle: a "Green Mazda MPV van with chrome rims." Aff. Search Warrant ¶ 4. Responding to the C.I.'s description of this vehicle, officers conducted surveillance at the target residence and, in line with their probable expectations based on the C.I.'s information, "observed a Green Mazda MPV van with chrome rims parked in front of this location." Aff. Search Warrant ¶ 4. Upon further investigation, the officers learned that the vehicle was registered to Defendant Kendra Williams. Id. The vehicle identification stands for more than a mere observation by the C.I.—it represents a crucial corroboration of the C.I.'s allegations. Additionally, officers in this case ascertained the identity of Mr. Williams, and established his criminal record and prior association with drug convictions. In Holt, officers failed to seek such corroboration, and, consequently, failed to establish any nexus between the individual and the target premises. Defendants overlook the relevance of these distinctions.

Additionally, Detective McAndrew's affidavit is distinguishable from the Holt affidavit for its specificity. In this case, the C.I. observed the possession and selling of heroin while *inside* the residence to be searched. The precise location of the allegedly illegal activity inside the house, which was an important omission in the Holt affidavit, serves as yet another means of creating a nexus between the target individual, the drug-related activity, and the target premises. The C.I.'s specificity as to the location of Mr. Williams' activity directly addresses the concern of the district court in Holt, which found that the affidavit therein failed to indicate whether the controlled substance sale took place within the residence. Holt, 2006 U.S. App. LEXIS 22316, at *5.

In light of the foregoing reasons, the Court hereby **DENIES** the motion to suppress evidence resulting from the search of 48 Gillis Road in Portsmouth, Virginia.

4. Application of the Good Faith Exception

Notwithstanding the foregoing conclusions, this Court also finds that the good faith exception, as articulated in Leon and its progeny, would save the fruits of the search warrant at issue from suppression in any event. It is well established that evidence obtained from a defective search warrant will be suppressed "only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." Leon, 468 U.S. at 926; see also Lalor, 996 F.2d at 1583.

The circumstances of this case do not support the finding that Detective McAndrew and other law enforcement officers acted objectively unreasonable in the execution of the issued search warrant. The conclusion drawn by the district court in Holt—that the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable—has no application here. In all respects, the issued warrant in this case appears complete and particular, and there is certainly no evidence of which this Court is aware suggesting the officers acted dishonestly or recklessly in obtaining the warrant. The aforementioned distinctions between the affidavit here at issue and the affidavit in Holt change not only the outcome as to the warrant's validity, but also the outcome as to the application of Leon. Where a Magistrate, two different lawyers for the Defendants, and this Court all did not recognize any supposed deficiency prior to Holt, this Court will not elevate the standard of objective reasonableness of a police officer to include the oracular ability to predict judicial decisions such as Holt, and that such might apply to this case. In any event, the facts now before the Court are sufficiently different to permit application of the Leon good faith exception if the warrant is defective in any manner.

The Clerk is **DIRECTED** to forward and fax a copy of this Order to all counsel of record.

**IT IS SO ORDERED**.

__/s/______________________________
Robert G. Doumar
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

September 15, 2006